IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KEVIN DONNELL MURPHY,** | \* |
| | \* |
| **Plaintiff,** | \* |
| | \*   Civ. No. MJM-24-1808 |
| v. | \* |
| | \* |
| **OLIVA BASTIAMPILLAI,** *et al.*, | \* |
| | \* |
| **Defendants.** | \* |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Self-represented plaintiff Kevin Donnell Murphy ("Plaintiff") filed this civil action against the Federal Aviation Administration ("FAA") and Oliva Bastiampillai (collectively, "Defendants") alleging violations of the Federal Records Act, the Administrative Procedure Act ("APA"), the Due Process Clause of the Fifth Amendment, and the Equal Protection Clause of the Fourteenth Amendment. ECF No. 1 at 7–8. This matter is before the Court on Defendants' motion to dismiss or, in the alternative, for summary judgment, ECF No. 17, and numerous motions filed by Plaintiff, ECF Nos. 21, 25, 28, 29, 34, 39, 41, 42, 43, 45, 46.[1] The motions are ripe for disposition.[2] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth

---

[1] Plaintiff filed a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure, ECF No. 46, which does not appear to apply to the instant case. The motion cites grant applications that are not identified or described in the Complaint in this case, and it identifies that U.S. Department of Justice as the defendant in its caption. Moreover, Rule 60(b) provides that a party may seek a final judgment or order under enumerated circumstances. Fed. R. Civ. P. 60(b). No final judgment or order has been entered in this case until now. The motion filed at ECF No. 46 shall be stricken.

[2] On May 9, 2025, Defendants filed a notice explaining their position on Plaintiff's numerous filings in this case and in many other cases Plaintiff has pending in this Court. ECF No. 38. In that filing, Defendants explained that they would not be filing a response to Plaintiff's motion for default judgment unless this Court directed them to do so. *Id.* at 6.

below, the Court shall grant Defendants' motion, grant Plaintiff's motion to withdraw a misfiled document, and deny Plaintiff's remaining motions.

## I. BACKGROUND

### A. Factual Background

In 2013, the FAA established the Center of Excellence ("COE") for Alternative Jet Fuels and Environment, or ASCENT program, following the FAA's issuance of a Final Solicitation for the program on January 25, 2013. ECF No. 17-2 (Bastiampillai Decl.), ¶¶ 3–4; *id.* at 9–10 (Exhibit A). The Final Solicitation set details regarding the program and its goals. *Id.* at 12–36 (Exhibit B). The Final Solicitation also made clear that the FAA was only accepting proposals from "accredited institutions of higher education with university partners and other affiliates." *Id.* at 15; *see also id.* at 16–18, 30. Section 7.1 of the Final Solicitation, titled "Who Is Eligible To Submit," states that only "[a]ccredited institutions of higher education are eligible to submit proposals to become a core member of [ASCENT]." *Id.* at 30. Section 7.1 specifically notes that "[i]ndividuals are not eligible for a COE designation and do not qualify for any awards under this program." *Id.* Section 7.2 states that proposals must have been submitted by 3:00 p.m. on March 15, 2013. *Id.* The FAA formally announced ASCENT and its team partners, including various colleges and universities, on September 13, 2013. *Id.* at 38–40 (Exhibit C).

ASCENT members may apply for grants through Grants.gov, which houses federal government grant opportunities and is managed by the United States Department of Health and Human Services ("HHS"). *Id.* ¶ 10; *About Grants.gov*, GRANTS.GOV, https://www.grants.gov/support/about-grants-gov.html [https://perma.cc/ZJ8R-HLGG] (last visited Sept. 25, 2025). The grant opportunity page for the ASCENT program specifically states that "[e]ligible [a]pplicants" are "[p]rivate institutions of higher education" and that the grant is

discretionary. *View Grant Opportunity*, GRANTS.GOV, https://www.grants.gov/search-results-detail/243973 [https://perma.cc/352E-Q7BM] (last visited Sept. 25, 2025) (showing funding opportunity for FAA-COE-AJFE) (hereinafter "Grant Opportunity for FAA-COE-AJFE Webpage").[3]

On January 2, 2024, Plaintiff applied via Grants.gov for the ASCENT program on behalf of himself and his company, Alkebulan Airlines Corporation. ECF No. 17-2, ¶ 11; *id.* at 42–43 (Exhibit D); ECF No. 1 at 8. Along with the application, Plaintiff submitted an Application for Federal Assistance (Form SF 424 (R&R)), which indicates that Plaintiff and his company were applying for the grant as a "Small Business." ECF No. 17-2, ¶ 11; *id.* at 42–43. The following day, Plaintiff submitted two additional applications. *Id.* ¶ 12. Because these applications were on behalf of an individual and a small business, they were ineligible for ASCENT program awards.[4]

On January 3, 2024, Ms. Bastiampillai, a Management and Program Analyst for the Office of the Environment and Energy within the FAA, *id.* ¶ 1, reviewed her queue of Grant.gov

---

[3] At some point following the filing of Ms. Bastiampillai's affidavit noting that for the ASCENT grant, eligible applicants are private institutions of higher education, the grant page was updated to add information under the "[a]dditional information on [e]ligibility" section. *See* Grant Opportunity for FAA-COE-AJFE Webpage. That section now reads:

> The opportunity for the Federal Aviation Administration (FAA) Center of Excellence for Alternative Jet Fuel and Environment (AJFE) was awarded in 2013 to the ASCENT cooperative aviation research organization. ASCENT – the Aviation Sustainability Center – is a coalition of 16 leading US research universities committed to reducing the environmental impact of aviation and co-led by Washington State University and the Massachusetts Institute of Technology (https://ascent.aero/). Any new grant opportunities under AJFE are open and available only to the university members of ASCENT.[]

*Id.*

[4] Plaintiff's Complaint alleges that he met the eligibility criteria, and that each application was valued at $20 million. ECF No. 1-2 at 2. He also alleges that these eligible applications were purged from the system after three weeks, instead of five years. ECF No. 1 at 8.

applications for the ASCENT program and discovered Plaintiff's applications. *Id.* ¶ 15. In her position, she only had the ability to "acknowledge" the applications and retrieve them from Grants.gov. *Id.* Since the site is managed by HHS, she did not have the ability to remove applications from the site. *Id.* Ms. Bastiampillai notified her supervisors of the issue with the site allowing an ineligible applicant to apply for the ASCENT program and worked with individuals in the U.S. Department of Transportation, Office of the Secretary ("DOT OST") to resolve the issue. *Id.* DOT OST and HHS collaborated to remove Plaintiff's applications from the site. *Id.*

On January 5, 2024, Ms. Bastiampillai sent Plaintiff an email notifying him that "[d]ue to technical difficulties on the grants.gov site, the existing ASCENT program was erroneously re-posted as a new solicitation" and advising that he should "ignore the solicitation that is currently listed on grants.gov." *Id.* at 45 (Exhibit E).

### B. Procedural Background

Plaintiff filed his Complaint on June 21, 2024. ECF No. 1. On September 26, 2024, Plaintiff filed a Motion for Clerk's Entry of Default. ECF No. 11. The Court denied the motion, ECF No. 14, and granted Defendants' motion for extension of time to respond to the Complaint, ECF Nos. 12, 13.

On November 15, 2024, Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF No. 17. Plaintiff filed a response in opposition, ECF No. 19, and Defendants replied, ECF No. 22. Prior to Defendants filing their reply, on December 5, 2024, Plaintiff filed a Motion for Summary Judgment. ECF No. 21. Defendants filed a response in opposition. ECF No. 24. Before Plaintiff filed a reply in support of his motion, ECF No. 26, Plaintiff filed a second Motion for Summary Judgment on January 16, 2025. ECF No. 25. Defendants filed a response in opposition to this second motion for summary judgment. ECF No.

27. Then, on February 19, 2025, Plaintiff filed a surreply in opposition to Defendants' motion to dismiss or, in the alternative, for summary judgment. ECF No. 30.

The next month, on March 28, 2025, Plaintiff filed a third Motion for Summary Judgment. ECF No. 28. That same day, Plaintiff filed a second Motion for Clerk's Entry of Default. ECF No. 29. Defendants filed responses in opposition to both motions, ECF Nos. 31, 32, and Plaintiff filed a reply in support of his motion for entry of default, ECF No. 33. Finally, on April 25, 2025, Plaintiff filed a Motion for Default Judgment, ECF No. 34, and twice supplemented that filing, ECF Nos. 35, 36.

## II.   PLAINTIFF'S MOTIONS FOR ENTRY OF DEFAULT AND FOR DEFAULT JUDGMENT

As noted previously, Plaintiff originally filed a motion for entry of default, ECF No. 11, which this Court denied, ECF No. 14. Defendants subsequently filed their motion to dismiss or, in the alternative, for summary judgment. ECF No. 17. Over three months after Defendants responded to the suit, Plaintiff filed a second motion for entry of default, ECF No. 29, and then, nearly a month later, filed a motion for default judgment, ECF No. 34.[5] Plaintiff subsequently filed another motion for entry of default, ECF No. 41, and another motion for default judgment, ECF No. 45.[6]

"For a plaintiff to obtain a default judgment, Rule 55 [of the Federal Rules of Civil Procedure] sets forth a two-step process that first requires the entry of a default by the clerk or the court under Rule 55(a) and then entry of a default judgment under Rule 55(b)." *Amerifactors Fin.*

---

[5] In his filings, Plaintiff seems to suggest that the Clerk of Court entered a default against Defendants in this case. ECF Nos. 35, 36. Default was never entered.

[6] Plaintiff filed yet another motion for default judgment, ECF No. 42, but that filing was directed to another case, and Plaintiff subsequently filed a motion to withdraw it, ECF No. 43. The motion to withdraw will be granted.

5

*Grp., LLC v. PHD Tech. Sols., LLC*, Civ. No. RDB-19-0207, 2019 WL 2579349, at *1 (D. Md. June 24, 2019). Rule 55(a), governing the entry of default, states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once a default is entered, under Rule 55(b)(1), the clerk may enter a default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Here, no default had been entered against Defendant at the time Defendant filed its Rule 12(b) motion and at the time Plaintiff moved for default judgment under Rule 55(b). Importantly, the U.S. Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

In his motions, Plaintiff contends that Defendants failed to file a timely responsive pleading to his Complaint. ECF No. 29 at 2; ECF No. 34 at 1. But Defendants filed a timely motion to dismiss under Rule 12(b), ECF No. 17, which must be filed before any responsive pleading. *See* Fed. R. Civ. P. 12(b). Therefore, Plaintiff cannot demonstrate any failure by Defendants to defend against his claims in this case. Entry of default would be improper, and Plaintiff's motions for entry of default and for default judgment shall be denied.

### III.    DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT, AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT

Defendants move for dismissal of Plaintiff's claims based on the lack of subject matter jurisdiction and the failure to state a claim or, alternatively, for summary judgment. ECF No. 17-

1. Defendants first argue that this Court lacks subject matter jurisdiction over Plaintiff's APA claims, or that his APA claims fail under the APA because Defendants' actions were not arbitrary, capricious, or contrary to law. *Id.* at 14–18. Second, Defendants argue that Plaintiff's Federal Records Act claim must be dismissed because the Federal Records Act does not include an express or implied private right of action. *Id.* at 18. Third, Defendants argue that Plaintiff's Fifth Amendment Due Process Clause claim fails because Plaintiff does not have a property or liberty interest in the ASCENT grant. *Id.* at 18–21. Defendants argue next that Plaintiff fails to state a Fourteenth Amendment Equal Protection Clause claim because there are no facts to suggest discrimination. *Id.* at 22–23. Lastly, Defendants argue that, on the merits, Plaintiff's claims fail and Defendants are entitled to summary judgment because the evidence shows that Plaintiff and his company were ineligible for the ASCENT grant, the grant was unavailable when he applied, and Defendants were not responsible for purging the applications. *Id.* at 23–24.

Plaintiff filed three separate motions for summary judgment. ECF Nos. 21, 25, 28, 39.[7] Although these motions are largely repetitive and reiterate claims asserted in the Complaint, some improperly appear to assert new claims not contained in the Complaint.

Plaintiff is not entitled to judgment as a matter of law under the Rule 56 standard.

**A. Standard of Review**

    **1. Rule 12(b)(1)**

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. "The plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction." *Mayor of Balt. v.*

---

[7] The motion filed at ECF No. 39 contains multiple requests to the Court, including a motion to strike, motion for summary judgment, motion for default judgment, and a motion for sanctions. This sort of consolidated motion is improper under the Local Rules and the Federal Rules of Civil Procedure. This motion shall be denied.

*Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019). "A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed in one of two ways: either a facial challenge . . . or a factual challenge." *Id.* (internal quotation marks and citations omitted). A facial challenge "assert[s] that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction." *Id.* A defendant's facial challenge "will be evaluated in accordance with the procedural protections afforded under Rule 12(b)(6), which is to say that the facts alleged in the Complaint will be taken as true . . . ." *Est. of Jones v. Md. Dept. of Pub. Safety*, Civ. No. JRR-21-01889, 2024 WL 493269 at *3 (D. Md. Feb. 8, 2024) (citing *Kerns v. United States*, 585 F.3d 187, 192–93 (4th Cir. 2009) and *Trump*, 416 F. Supp. 3d at 480). A factual challenge, on the other hand, asserts "that the jurisdictional allegations of the complaint are not true." *Trump*, 416 F. Supp. 3d at 479 (cleaned up) (quoting *Kerns*, 585 F.3d at 192). In a factual challenge, the court "is entitled to decide disputed issues of fact with respect to subject matter jurisdiction. . . . In that circumstance, the court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (internal quotation marks and citations omitted).

   2. **Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A

8

complaint need not include "detailed factual allegations," but it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable, and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555–56 (internal quotation marks omitted). Furthermore, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* "[T]ender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (third alteration in *Iqbal*).

When considering a motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" the defendant's liability for the alleged wrong and the plaintiff's entitlement to the remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert denied*, 566 U.S. 937 (2012).

"[P]*ro se* filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must "construe [pro se] pleadings liberally." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff'"; rather, the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still must contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted) (quoting *King*, 825 F.3d at 212, 214 (quoting *Twombly*, 550 U.S. at 570)).

3. **Rule 56**

Ordinarily, "a court is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007). If the court does consider matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The U.S. Court of Appeals for the Fourth Circuit "has articulated two requirements for proper conversion of a Rule 12(b)(6) motion to a Rule 56 motion: (1) notice and (2) a reasonable opportunity for discovery." *Canty v. Corcoran*, Civ. No. GLR-18-1404, 2022 WL 899278, at *4 (D. Md. Mar. 28, 2022) (citing *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013)).

10

Converting a motion to dismiss to a summary judgment motion "is not appropriate where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448–49 (4th Cir. 2011) (citing *Gay v. Wall*, 761 F.2d 175, 178 (4th Cir. 1985)). The party opposing conversion may file a declaration pursuant to Rule 56(d) explaining the reasons why "it cannot present facts essential to justify its opposition" without discovery. Fed. R. Civ. P. 56(d); *see also McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 483–84 (4th Cir. 2014) (quoting *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)). Yet failure to file such an affidavit is "not necessarily fatal where the 'nonmoving party has adequately informed the court that . . . more discovery is necessary.'" *Sol v. M&T Bank*, 713 F. Supp. 3d 89, 100 (D. Md. 2024) (quoting *Harrods*, 302 F.3d at 244–45); *see also Woodbury v. Victory Van Lines*, 286 F. Supp. 3d 685, 693 (D. Md. 2017) (courts have "complete discretion" to deny conversion even where no Rule 56(d) affidavit has been filed). Generally, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. 5 Wright & Miller, Fed. Prac. & Proc. § 1366 (3d ed. 2004).

A court may grant a party's summary judgment motion under Rule 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Belyakov v. Med. Sci. & Computing*, 86 F. Supp. 3d 430, 441 (D. Md. 2015) (citations omitted); *Am. Metal Forming Corp. v. Pittman*, 52 F.3d 504, 507 (4th Cir. 1995) (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 250 (1986)). A fact is "material" if it "might affect the outcome of the suit under the governing law[,]" and a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see also Raynor v. Pugh*, 817 F.3d 123, 130

(4th Cir. 2016) (holding that the lower court's decision to grant defendant-appellee's motion for summary judgment was erroneous because "genuine disputes of material fact underlie[d] both prongs of [plaintiff-appellant's] claim."). A party can establish the absence or presence of a genuinely disputed fact through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "The court must view all the facts, including reasonable inferences to be drawn from them, in the light most favorable to the nonmovant," *Spinks v. Maryland*, Civ. No. MJM-23-3184, 2024 WL 4122222, at *5 (D. Md. Sept. 9, 2024) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)), but the court is not permitted to weigh the evidence, make credibility determinations, or decide the truth of genuinely disputed facts, *Anderson*, 477 U.S. at 255.

"The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine dispute of material fact." *Med. Mut. Ins. Co. of N. Carolina v. Gnik*, 93 F.4th 192, 200 (4th Cir. 2024) (citing *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003)). The burden then shifts to the nonmovant to "set forth specific facts showing that there is a genuine issue for trial." *Bouchat*, 346 F.3d at 522 (quoting Fed. R. Civ. P. 56(e)).

### B. Analysis

Defendants move for dismissal of Plaintiff's claims based on the lack of subject matter jurisdiction and the failure to state a claim or, alternatively, for summary judgment. ECF No. 17. Defendants first argue that this Court lacks subject matter jurisdiction over Plaintiff's APA claims, or that his APA claims fail under the APA because Defendants' actions were not arbitrary, capricious, or contrary to law. ECF No. 17-1 at 14–18. Second, Defendants argue that Plaintiff's

Federal Records Act claim must be dismissed because the Federal Records Act does not include an express or implied private right of action. *Id.* at 18. Third, Defendants argue that Plaintiff's due process claim fails because Plaintiff does not have a property or liberty interest in the ASCENT grant. *Id.* at 18–21. Defendants argue next that Plaintiff fails to state an equal protection claim because there are no facts to suggest discrimination. *Id.* at 22–23. Lastly, Defendants argue that Plaintiff's claims fail on the merits because the evidence shows that Plaintiff and his company were ineligible for the ASCENT grant, the grant was unavailable when he applied, and Defendants were not responsible for purging the applications. *Id.* at 23–24.

In seeking summary judgment as alternative relief, Defendants have placed Plaintiff on notice that the motion may be resolved under Rule 56. In response, Plaintiff does not identify any particularized need for discovery to contest summary judgment. On the contrary, Plaintiff filed no less than four separate motions for summary judgment of his own. ECF Nos. 21, 25, 28, 39.[8]

---

[8] One of Plaintiff's motions filed at ECF No. 39 requests that a notice filed by Defendants' counsel, ECF No. 38, be stricken. Courts have significant discretion in choosing whether to grant a motion to strike so as to "minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Blevins v. Piatt*, Civ. No. ELH-15-1551, 2015 WL 7878504, at *2 (D. Md. Dec. 4, 2015) (quoting *Haley Paint Co. v. E.I. du Pont de Nemours & Co.*, 279 F.R.D. 331, 336 (D. Md. 2012)). "[S]triking . . . portion[s] of a pleading is a drastic remedy" and, accordingly, motions to strike are "generally viewed with disfavor." *Piontek v. Serv. Centers Corp.*, Civ. No. PJM 10-1202, 2010 WL 4449419, at *3 (D. Md. Nov. 5, 2010) (quoting *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001)). The notice Plaintiff seeks to strike merely argues that Plaintiff has engaged in excessive filings and vexatious litigation and provides notice that, based on that assessment, Defendants do not intend to file substantive responses to Plaintiff's repetitive motions. The Court finds no fault, scandal, or bad faith in this notice, and declines to strike it.

Plaintiff also requests that sanctions be imposed against Defendants and their counsel. *See* ECF No. 39. Rule 11 of the Federal Rules of Civil Procedure requires that parties certify that their filings are well-grounded in law and fact, following a reasonable inquiry, Fed. R. Civ. P. 11(b), and provides sanctions for a party's or counsel's failure to comply with these requirements, Fed. R. Civ. P. 11(c). *See also In re Bees*, 562 F.3d 284 (4th Cir. 2009) (holding the relevant test is whether the conduct was captured at the time of filing). Courts issue sanctions when filings lack proper diligence or are frivolous. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (noting that Rule 11 sanctions are intended to deter baseless filings and maintain the integrity of judicial proceedings); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (recognizing the court's inherent power to impose sanctions for conduct that abuses the judicial process). The Court does not find that Defendants have made any frivolous filings or engaged in any misconduct that might warrant sanctions. Plaintiff's request for sanctions is denied.

Although these motions are largely repetitive and reiterate claims asserted in the Complaint, some improperly appear to assert new claims not contained in the Complaint.

For the reasons explained below, the Court finds that Defendants are entitled to judgment as a matter of law on all of Plaintiff's claims. Accordingly, Defendants' motion shall be granted, and Plaintiff's summary judgment motions shall be denied.

### 1. Federal Records Act

Plaintiff cites the Federal Records Act as grounds for relief. "The Federal Records Act 'governs the creation, management and disposal of federal records.'" *Judicial Watch, Inc. v. Kerry*, 844 F.3d 952, 953 (D.C. Cir. 2016) (quoting *Armstrong v. Bush*, 924 F.2d 282, 284 (D.C. Cir. 1991)). The Federal Records Act, 44 U.S.C. §§ 3101–3107, does not provide a private right of action. *Winey v. Mattis*, 712 F. App'x 284, 284 (4th Cir. 2018) (affirming the lower court's holding "that the Federal Records Act does not create a private right of action" and decision to grant summary judgment); *accord Competitive Enter. Inst. v. U.S. Env't Prot. Agency*, 67 F. Supp. 3d 23, 31 (D.D.C. 2014) ("[T]he Supreme Court held that [the Federal Records Act] does not include an express or implied private right of action." (citing *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 148 (1980))). Therefore, Plaintiff's claim under the Federal Records Act is not one upon which relief may be granted and must be dismissed with prejudice.

### 2. Administrative Procedure Act

Plaintiff also cites the APA in support of his claims.

"[T]he APA waives the federal government's sovereign immunity for a limited set of suits[.]" *Nat'l Veterans Legal Servs. Program v. U.S. Dep't of Def.*, 990 F.3d 834, 839 (4th Cir. 2021) (citing *City of New York v. U.S. Dep't of Def.*, 913 F.3d 423, 430 (4th Cir. 2019)). Because "sovereign immunity is jurisdictional in nature," *id.* (quoting *City of New York*, 913 F.3d at 430),

"a court may entertain suits against the federal government under the APA only within the scope of its waiver." *Id.* In other words, if a suit is not within the scope of the APA's waiver, the federal government is entitled to sovereign immunity, and courts lack jurisdiction. The APA's waiver only permits judicial review of "final agency action[s]." *Id.*; *see also* 5 U.S.C. § 704.

"'The term "action" as used in the APA is a term of art that does not include all conduct' on the part of the government." *City of New York*, 913 F.3d at 430–31 (quoting *Vill. of Bald Head Island v. U.S. Army Corps of Eng'rs*, 714 F.3d 186, 193 (4th Cir. 2013)). Instead, "agency action" under the APA is defined as "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). "[T]his provision refers only to conduct that is 'circumscribed' and 'discrete.'" *Nat'l Veterans Legal Servs.*, 990 F.3d at 839 (quoting *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 62 (2004)).

Pursuant to 5 U.S.C. § 706, a reviewing court may "hold unlawful and set aside agency action . . . found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

Here, Plaintiff alleges that Defendants improperly handled his ASCENT grant applications and purged his applications without authorization. ECF No. 1 at 8, 10–11; ECF No. 1-2 at 2. Defendants are entitled to summary judgment on Plaintiff's APA claim because there is no genuine dispute that Defendants' actions concerning Plaintiff's grant applications were not arbitrary or capricious, nor were they an abuse of discretion or contrary to law. Plaintiff and his company were ineligible for an ASCENT grant because the grant was only open to institutions of higher education. ECF No. 17-2, ¶¶ 7, 11–13. Even if he was eligible, applications to be part of the ASCENT program closed in 2013, and Plaintiff did not apply until 2024. *Id.* ¶ 14. Once she received Plaintiff's applications, Ms. Bastiampillai determined that a malfunction existed within

Grants.gov that erroneously allowed Plaintiff to submit the applications, and she notified her supervisors of the issue. *Id.* ¶ 15. Ms. Bastiampillai emailed Plaintiff informing him of the error, *id.* ¶ 16, and DOT OST and HHS, not the FAA or Ms. Bastiampillai, removed Plaintiff's applications from Grants.gov, *id.* ¶ 15. Plaintiff offers no evidence to call any of these facts into genuine dispute. Accordingly, Defendants are entitled to summary judgment on Plaintiff's APA claims.

### 3. Due Process[9]

Plaintiff also appears to allege violations of the Due Process Clause of the Fifth Amendment to the United States Constitution.

The Fifth Amendment provides, in relevant part, that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. There are two types of due process rights: substantive and procedural.[10] Plaintiff asserts a due process violation based on the purging of his grant applications.

"To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). "Protected liberty interests may arise from two sources—the Due Process Clause itself and the laws of the States." *Menk v. MITRE Corp.*,

---

[9] Some of the authorities cited in this sub-part concern the Due Process Clause of the Fourteenth Amendment, which applies to the states. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002). "The same analysis applies to a . . . due process claim" regardless of whether it is brought under the Fifth or Fourteenth Amendment. *Menk v. MITRE Corp.*, 713 F. Supp. 3d 113, 172 n.22 (D. Md. 2024) (quoting *Molina-Aviles v. D.C.*, 824 F. Supp. 2d 4, 9 n.8 (D.D.C. 2011)), and *Piechowicz v. United States*, 885 F.2d 1207, 1214 n.9 (4th Cir. 1989)).

[10] Defendants construe Plaintiff's Complaint as including both substantive and procedural due process components and respond to both. ECF No. 17-1 at 18–21. The Complaint seems to reference only procedural due process. ECF No. 1 at 7. Because Plaintiff is pro se, and in consideration of Defendants' response, this Court will construe the Complaint as asserting both procedural and substantive due process claims.

713 F. Supp. 3d 113, 176 (D. Md. 2024) (quoting *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). As a general matter, there is no liberty or property interest in prospective or discretionary government benefits. *See The Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 571–77 (1972) ("The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits. . . . To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."); *Smith v. Ashcroft*, 295 F.3d 425, 429–30 (4th Cir. 2002); *Mallette v. Arlington Cnty. Emps.' Supplemental Ret. Sys. II*, 91 F.3d 630, 634–35 (4th Cir. 1996); *Navratil v. City of Racine*, 101 F.4th 511, 523–24 (7th Cir. 2024).

Here, Plaintiff does not identify a source of law from which any liberty or property interest in an ASCENT grant arises. *See generally* ECF Nos. 1, 1-2. For this reason alone, Plaintiff's due process claim must fail. *Smith*, 295 F.3d at 429–30. Even if Plaintiff was eligible for the ASCENT grant, and the grant was open in 2024 when Plaintiff applied, he would have no property or liberty interest in the grant because it is a discretionary grant, *see* Grant Opportunity for FAA-COE-AJFE Webpage, and there is no liberty or property interest in discretionary government benefits, *Smith*, 295 F.3d at 429–30.

To implicate substantive due process rights, governmental action must be "so arbitrary and irrational, so unjustified by any circumstance or governmental interest, as to be literally incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies." *Rucker v. Harford Cnty.*, 946 F.2d 278, 281 (4th Cir. 1991), *cert. denied*, 502 U.S. 1097 (1992). When reviewing a substantive due process claim based on an act by the executive branch, "the issue of fatal arbitrariness should be addressed as a 'threshold

17

question,' asking whether the challenged conduct was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Hawkins v. Freeman*, 195 F.3d 732, 738 (4th Cir. 1999) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998). "If it does not meet that test, the claim fails on that account[.]" *Id.* Here, Defendants' actions concerning Plaintiff's grant applications were not "so arbitrary and irrational" as to shock the conscience. *Rucker*, 946 F.2d at 281. To the contrary, Defendants' actions were appropriate because Plaintiff was ineligible for the grant, and, at the time he applied, the grant was not open to new applicants that were not already a part of the ASCENT program. Plaintiff offers no evidence to call any of the foregoing facts into genuine dispute.

For these reasons, Plaintiff's claim under the Due Process Clause fails as a matter of law.[11] Defendants are entitled to summary judgment on this claim.

---

[11] Plaintiff's Complaint does not name Ms. Bastiampillai in her individual capacity, as required for a claim under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *See generally* ECF No. 1. Because Plaintiff is proceeding pro se, this Court construes his Complaint liberally. *Bing*, 959 F.3d at 618. To the extent that Plaintiff asserts an individual capacity claim against Ms. Bastiampillai, this Court finds that Ms. Bastiampillai is entitled to qualified immunity. To state a *Bivens* claim, a plaintiff must allege that "'a federal agent acting under color of h[er] [federal] authority' violated his constitutional rights." *Williams v. United States*, Civ. No. DKC-21-537, 2021 WL 1720230, at *2 (D. Md. Apr. 30, 2021) (quoting *Bivens*, 403 U.S. at 389) (second alteration in *Williams*). Qualified immunity bars a *Bivens* action against a federal officer unless "(1) the allegations, if true, substantiate a violation of a federal statutory or constitutional right and (2) the right was 'clearly established' such that a reasonable person would have known his acts or omissions violated that right." *Hicks v. Ferreyra*, 965 F.3d 302, 307 (4th Cir. 2020) (quoting *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011)). The Supreme Court has "emphasized that qualified immunity questions should be resolved at the earliest possible stage of a litigation." *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Here, Plaintiff fails to identify any federal right that Ms. Bastiampillai violated that was "clearly established" at the time she violated it. *Hicks*, 965 F.3d at 307. Plaintiff does not site any court decision confirming that actions akin to those taken by Ms. Bastiampillai violated due process rights. Therefore, to the extent that Plaintiff alleges a claim against Ms. Bastiampillai in her individual capacity, Ms. Bastiampillai is entitled to summary judgment.

### 4. Equal Protection

Plaintiff also asserts a violation of the Equal Protection Clause. The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "Equal Protection principles apply to the federal government through the Due Process Clause of the Fifth Amendment to the Constitution." *Trump*, 416 F. Supp. 3d at 511 (citing *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954)). To establish an Equal Protection Clause violation, Plaintiff must demonstrate that "he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *English v. Clarke*, 90 F.4th 636, 649 (4th Cir. 2024) (quoting *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)). Here, the Complaint does not contain any facts to support a reasonable inference that Plaintiff was treated differently from others similarly situated, or that the allegedly unequal treatment was the result of intentional discrimination. *See generally* ECF Nos. 1, 1-2. Plaintiff's Complaint is devoid of any facts demonstrating, for instance, that another individual or small business applied for an ASCENT grant and was awarded that grant. *Id.* Accordingly, the Court finds the Complaint inadequate to state a plausible equal protection claim against Defendants. This claim must be dismissed.[12]

For the foregoing reasons, Defendants' motion to dismiss or, alternatively, for summary judgment shall be granted.

---

[12] As with Plaintiff's due process claim, Plaintiff's equal protection claim does not name Ms. Bastiampillai in her individual capacity. To the extent that Plaintiff alleges a claim against Ms. Bastiampillai in her individual capacity under *Bivens*, Ms. Bastiampillai is entitled to summary judgment for the reasons explained *supra* in footnote 11.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss or, in the alternative, for summary judgment (ECF No. 17) will be GRANTED, Plaintiff's motion to withdraw misfiled document (ECF No. 43) will be GRANTED, and Plaintiffs' remaining motions will be DENIED.

A separate Order will follow.

  9/25/25
Date

Matthew J. Maddox
United States District Judge